## MOORE v. ROCHESTER RY. CO.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1909.)

STREET RAILROADS (§ 85\*)—COLLISIONS AT CROSSINGS—CARE REQUIRED.

The rule that neither a street car crossing a street nor a vehicle on the latter street has a paramount right, but the right of the car to cross the street and the right of the vehicle to cross the track must be exercised in a reasonable manner, applies to a vehicle coming out of a street which comes to, but does not cross, the street on which cars are operated, provided it is necessary to cross the tracks to proceed along the side of the street the rule of the road requires.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 193, 195; Dec. Dig. § 85.\*]

Appeal from Trial Term, Monroe County.

Action by Martin M. Moore against the Rochester Railway Company. From a judgment for plaintiff, rendered on the verdict of a jury, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Harris, Havens, Beach & Harris, for appellant.
James M. E. O'Grady, for respondent.

WILLIAMS, J. The judgment and order should be affirmed, with costs.

The action was brought to recover damages for negligence. There was a collision between one of defendant's street cars and an express wagon driven by plaintiff at a place where Marietta street entered, but did not cross, St. Paul street. The plaintiff drove out of Marietta street, and crossed the tracks of defendant, running along St. Paul street, in order to reach the side of the latter street that the rule of the road required him to drive upon. The car was approaching so rapidly that it could not be slowed down sufficiently to avoid the collision, and the plaintiff was thrown out and injured. There was conflicting evidence as to the alleged negligence of the plaintiff and the motorman. These questions were submitted to the jury. The defendant claims there should have been a nonsuit on the ground of contributory negligence. We think not, but that the question was one to be passed upon by the jury.

The main ground of error alleged by the defendant, however, is in the charge of the court. A request was made that the jury be instructed the defendant had the paramount right of way, while passing Marietta street, at the time of the accident. This the court refused, and made some comments, explaining his reasons for such refusal, which seem to be contrary to the rule laid down in the Second Department. It seems to be well settled that, where the two streets cross each other, the car and the vehicle have equal rights of way. The right of neither is paramount. In other parts of the street along which the car passes, the car generally has a paramount right of way. The reason for these rules was very well stated by Judge Earl in O'Neil v.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Railroad Company, 129 N. Y. 130, 29 N. E. 85, 26 Am. St. Rep. 512, viz.:

"As the car must run upon the tracks, and cannot turn out for vehicles drawn by horses, they must have the preference, and such vehicles must, as they can, in a reasonable manner, keep off from the railroad tracks, so as to permit the free and unobstructed passage of the cars. In no other way can street railways be operated. As to such vehicles, the railways have the paramount right, to be exercised in a reasonable and prudent manner. But a railway crossing a street stands upon a different footing. The car has a right to cross and must cross the street, and the vehicle has a right to cross and must cross the railroad track. Neither has a superior right to the other. The right of each must be exercised in a reasonable and careful manner, so as not unreasonably to abridge or interfere with the right of the other."

The question here involved is whether the rule as to street crossings is applicable to a place where a side street runs to, but not across, the street along which the car passes. Such was the condition here, Marietta street ran to, but not across, St. Paul street. It was necessary that the plaintiff should cross the track, so as to reach the further side of St. Paul street, along which the rule of the road required him to drive. If he had desired to drive along St. Paul street, in the opposite direction, it would not have been necessary for him to cross the tracks to reach the side the rule of the road required him to proceed along.

It was held by the Second Department, Appellate Division, that the rule as to street crossings was not applicable to places where streets run to, but did not cross, the street along which the car passed, but as to these latter places the car had the paramount right of way. Hewlett v. B. H. R. R. Co., 63 App. Div. 423, 71 N. Y. Supp. 531; Rutz v. N. Y. C. Ry Co., 107 App. Div. 568, 95 N. Y. Supp. 345. No particular reason was given for making the decisions in these two cases, except reliance upon the language of Judge Earl, which we have quoted above. The reason there given for the rule at crossings, that the vehicle has the right to cross and must cross the tracks, is equally applicable to a vehicle coming out of a street which runs to, but does not cross, the street, provided it is necessary to cross the tracks in order to proceed along the side the rule of the road requires. In such case, as well as at a street crossing, the vehicle has the right to cross and must cross the tracks, and in such a case it should be held, the same as at a street crossing, that neither the vehicle nor the car has a superior or paramount right of way in the street. Such was the case here, and we think the instruction, under these circumstances, was entirely proper.

We think this case was properly disposed of, and that there should be an affirmance. All concur.